IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUAN GUERRERO AND<br>DIANA GUERRERO<br>    Plaintiffs,<br><br>v.<br><br>STATE FARM LLOYDS AND<br>RAFAEL M. NAVARRO,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. __7:17-cv-214__ |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

Defendant State Farm Lloyds ("State Farm") files this Notice of Removal.

### PROCEDURAL BACKGROUND

1.  Plaintiffs Juan Guerrero and Diana Guerrero filed this action on January 12, 2017 against State Farm and Rafael M. Navarro in the 389th Judicial District Court of Hidalgo County, Texas. That case was docketed under cause number C-0187-17-H (the "State Court Action").

2.  State Farm was served with process on May 5, 2017. Rafael Navarro was not served with process.

3.  State Farm timely filed its Original Answer on May 26, 2017.

4.  State Farm timely files this Notice of Removal pursuant to 28 U.S.C. §1446 to remove the State Court Action from the 389th Judicial District Court of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division.

### NATURE OF THE SUIT

5.  This lawsuit involves a dispute over the alleged non-payment of insurance benefits and the handling of Plaintiffs' claims for damages allegedly sustained as the result of a March 26,

2015 wind and/or hailstorm. *See Plaintiffs' Original Petition* at ¶¶ 9-11. Plaintiffs assert causes of action against Defendant State Farm for breach of contract, violation of Chapters 541 & 542 of the Texas Insurance Code, breach of duty of good faith and fair dealing, fraud, and conspiracy to commit fraud. *Id*. at ¶¶ 23-44.

6.  Plaintiffs assert causes of action against Defendant Navarro for violation of Chapter 541 of the Texas Insurance Code, fraud, and conspiracy to commit fraud. *Id*. at ¶¶ 23-31.

7.  While Plaintiffs assert various factual allegations regarding State Farm's conduct, Plaintiffs makes no factual allegations regarding Navarro's conduct. Plaintiffs do assert factual allegations regarding "the Defendant," though all such allegations appear to be directed at State Farm:

> 11. The Defendant wrongfully denied Plaintiffs' claim for full repairs to the Property, even though the Policy they have with the Defendant provided coverage for losses such as the losses suffered by the Plaintiffs. Additionally, the Defendant under-scoped damages during its inspections, investigations, and payment and made representation that the policy the Plaintiffs have with Defendant specifically excluded some repairs.
>
> 12. As of the date of this filing, the Defendant continue [sic] to delay in the payment for the damages to the property.

*Id*. at ¶¶ 11-12.

## BASIS FOR REMOVAL

8.  The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is and was complete diversity between all real parties in interest (Plaintiffs and State Farm) and the amount in controversy exceeds $75,000, exclusive of interest and costs. The citizenship of Rafael Navarro should be disregarded because he has been improperly joined. Alternately, because Navarro is a citizen and resident of Florida, his citizenship does not defeat diversity.

### *Diversity of Citizenship*

9. At the time the State Court Action was commenced, Plaintiffs were and still are residents and citizens of Texas. *See Plaintiffs' Original Petition* at ¶ 2.

10. Defendant State Farm Lloyds was at the time this action was commenced, and still is, a citizen of Illinois. State Farm Lloyds is a "Lloyd's Plan" organized under chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens and residents of Illinois, thereby making State Farm Lloyds a citizen of Illinois for diversity purposes. See *Royal Ins. Co. of Am. v. Quinn-L Capital Corp., 3 F.3d 877, 882-83* (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).

11. Plaintiffs improperly joined Navarro in an attempt to defeat diversity. For this reason, the citizenship of Navarro should not be considered in determining whether this Court has jurisdiction under 28 U.S.C. § 1332. The citizenship of improperly joined defendants is not to be considered in determining whether complete diversity exists. *Salazar v. Allstate Texas Lloyds Inc.*, 455 F.3d 571, 574 (5th Cir. 2006); *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2003).

12. Moreover, even if Defendant Navarro's citizenship should be considered, Defendant Rafael Navarro was and still is a resident and citizen of Florida.

### *Mr. Navarro Has Been Improperly Joined*

13. Defendant Navarro has been improperly joined for two reasons. First, Plaintiffs have not alleged any actionable facts specific to Navarro. Second, Plaintiffs' failure to serve Navarro shows they do not intend to pursue their claims against him.

14.     A threshold inquiry when determining whether a defendant is improperly joined is "whether it appears from the state court petition that the plaintiff actually intended to sue the non-diverse defendant." *Escuadra v. GeoVera Specialty Ins. Co.*, 739 F. Supp. 2d 967, 975 (E.D. Tex. 2010). Plaintiffs' Original Petition includes no facts specific to Defendant Navarro, and the causes of action merely quote statutory language while referencing non-existent facts. For example, Plaintiffs' petition states "Defendants, State Farm and Navarro's, unfair settlement practices, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance." *Plaintiffs' Original Petition* at ¶ 25.

15.     Additionally, Plaintiffs did not serve Defendant Navarro with process in the state court action. Failure to serve an individual adjuster "gives an inference that Plaintiffs do not intend to pursue their claims" against that adjuster. *DeCluette v. State Farm Lloyds*, 2013 U.S. Dist. LEXIS 21942, *10, 2013 WL 607320 (N.D. Tex. Feb. 19, 2013); *Dougherty v. State Farm Lloyds*, 2001 U.S. Dist. LEXIS 13849, *4-5, 2001 WL 1041817 (N.D. Tex. Aug. 30, 2001); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699, 1999 U.S. App. LEXIS 16693, *15 (5th Cir. 1999). Plaintiffs' Original Petition and lack of service reflect a lack of intent to actually sue Navarro, suggesting his inclusion in this lawsuit is solely an attempt to defeat diversity jurisdiction.

16.     The residency of Defendant Rafael Navarro should not be considered for purposes of diversity jurisdiction and Plaintiffs' claims against Defendant Navarro should be dismissed.

### *Amount in Controversy*

17.     Plaintiffs' Original Petition contains a conclusory statement, purportedly pursuant to Rule 47 of the Texas Rules of Civil Procedure, that "Plaintiff's counsel states that Plaintiff [sic] seeks

monetary relief, the maximum of which is not more than $75,000.00." *Plaintiffs' Original Petition* at ¶ 55. However, "Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000. Thus, a specific demand such as Plaintiff's cannot be deemed the amount in controversy because '[s]uch manipulation is surely characterized as bad faith.'" *Chavez v. State Farm Lloyds*, 2016 U.S. Dist. LEXIS 19920, *5-6, 2016 WL 641634 (S.D. Tex. Feb. 18, 2016) (citing *Garcia v. Kellogg USA, Inc.*, No. 7:13-CV-00347, 2013 U.S. Dist. LEXIS 125197, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013)).

18.   In their Original Petition, Plaintiffs seek damages including (but not limited to) actual damages, mental anguish, statutory penalties, compensatory damages, damages for emotional distress, treble damages under the Insurance Code, exemplary damages, interest, court costs, and attorney's fees. In addition, prior to filing suit, Plaintiffs sent State Farm an estimate alleging damages to Plaintiffs' property of $57,095.03. As shown by Plaintiffs' pre-suit estimate and the long list of other and additional damages sought in the Petition, the amount in controversy requirement is satisfied.

## REMOVAL IS PROCEDURALLY CORRECT

19.   This Notice of Removal is timely under 28 U.S.C. § 1446(b).   State Farm Lloyds was served with process on May 26, 2017. Rafael Navarro was not served with process.

20.   Venue is proper in this Division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

21.   In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the State Court Action are attached herein to the Index of Matters Filed (Exhibits 1A – 2E).

22.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of State Farm Lloyds' Notice of Removal was promptly given to all parties and to the clerk of the 389th Judicial District Court of Hidalgo County, Texas.

23.     All documents required by Local Rule 81 to be filed with this Notice of Removal are attached herein to the Index of Matters Filed (Exhibit 1).

## PRAYER

State Farm Lloyds respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. State Farm Lloyds also requests any additional relief to which it may be justly entitled.

Respectfully submitted,

/s/ *Sarah A. Nicolas* \_\_\_\_\_
Sarah A. Nicolas
TSBN 24013543/SDOT 32122
**ATLAS, HALL & RODRIGUEZ, LLP**
11940 Jollyville Rd., Suite 125-S
Austin, Texas 78759
512-583-0579 – Phone
512-291-3909 – Fax
snicolas@atlashall.com - Email
**ATTORNEY IN CHARGE FOR DEFENDANT**

**Of Counsel:**
Dan K. Worthington
TSBN 00785282 / SDOTBN 15353
Sofia A. Ramon
TSBN 00784811/SDOT 20871
**ATLAS, HALL & RODRIGUEZ, LLP**
818 W. Pecan Blvd. (78501)
P.O. Box 3275
McAllen, Texas 78502
(956) 682-5501 – Phone
(956) 686-6109 – Fax

-7-

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of this document was served on all counsel of record on the 1st day of June, 2017, as indicated below:

Larry W. Lawrence, Jr.
Michael Lawrence
**LAWRENCE LAW FIRM**
3112 Windsor Rd., Ste. A234
Austin, Texas 78703
(956) 994-0057 – Phone
(800) 507-4152 – Fax
lawrencefirm@gmail.com

Dan Cartwright
Lory Sopchak
**CARTWRIGHT LAW FIRM, LLP**
1300 Post Oak Blvd, Suite 760
Houston, Texas 77056
(713) 840-0950 – Phone
(713) 840-0046 – Fax

**Attorneys for Plaintiffs**

/s/ *Sarah A. Nicolas*
Sarah A. Nicolas